UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Hope Crystal Hogya,** | ) | **CASE NO. 1:22 CV 1616** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **State of Ohio,** | ) | |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

*Pro se* Plaintiff Hope Crystal Hogya filed this action under 42 U.S.C. § 1983 against the State of Ohio to challenge her recent felony conviction in the Lake County Court of Common Pleas on grounds of denial of a speedy trial, double jeopardy, selective prosecution, due process violations, and unreasonable arrest. She seeks monetary damages for emotional distress and unlawful incarceration, and dismissal of the charges and indictment.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

### BACKGROUND

Plaintiff provides few facts in her Complaint. She had charges pending against her in Mentor Municipal Court at the end of 2021. As a condition of her bond in that case, she was required to avoid contact with her victim. She was involved in an incident on January 3, 2022, that led to her arrest on February 4, 2022, by Mentor-on-the-Lake police. *See State of Ohio v.*

*Hogya,* No, CRB2101251A (Mentor Muni Ct. filed July 12, 2021); *State of Ohio v. Hogya*, No. CRA2200272A (Mentor Muni. Ct. filed Mar. 21, 2022). She was charged with contempt of court and violation of the protection order. *See State of Ohio v. Hogya*, No. CRA2200272A (Mentor Muni. Ct. filed Mar. 21, 2022). Plaintiff again was released on bond but repeatedly failed to appear for arraignment. She was taken into custody on a bench warrant on May 17, 2022, and held in lieu of bond. On June 1, 2022, Plaintiff was bound over to the Common Pleas Court in Case No. CRA2200272A, which became *State of Ohio v. Hogya*, No. 22CR00566 (Lake Cty Ct. Comm. Pl. filed June 9, 2022). The Lake County Grand Jury returned an indictment against Plaintiff on July 22, 2022, charging her with two counts of violating a protection order, both fifth degree felonies. On November 2, 2022, she pled guilty to one count of violating a protection order. The court sentenced her on December 5, 2022, to two years of community control supervision. *Id.*

While her charges were pending, Plaintiff filed this civil rights action on September 12, 2022, to challenge her prosecution in the Common Pleas Court. She asserts that she was denied a speedy trial because she committed her crime on January 3, 2022, and had not yet been tried as of September 2022. She asserts she was subjected to double jeopardy because she was charged with two crimes from the same incident. She asserts a claim for selective prosecution, stating that officers chose to prosecute her but not another individual involved in the incident. She asserts that she was denied due process, stating that the official criminal complaint was typed, had an electronic signature instead of an ink signature, and was not signed in front of a court clerk. Finally, she states she was not given a preliminary hearing within fifteen days of her arrest.

Plaintiff asks this Court to award her monetary damages for emotional distress and unlawful incarceration. She also seeks dismissal of the indictment and a bar from further prosecution.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### DISCUSSION

As an initial matter, Plaintiff cannot pursue her claims in a civil rights action. To the extent that she seeks dismissal of the indictment and release, her sole remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent that she seeks monetary damages for unlawful conviction and incarceration, she cannot proceed unless her conviction is first reversed on direct appeal or called into question by the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). She was very recently convicted and sentenced in the trial court. Her conviction has not been overturned, and these claims are premature.

### CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 12/13/22

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge